**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Major William P. Fay,<br><br>             Plaintiff,<br><br>v.<br><br>Arizona Army National Guard, an agency of the State of Arizona; Major General Hugo Salazar, Arizona Adjutant General; Colonel Ellen Reily, Deputy Chief of Staff; LTC Jennifer Fadley, Deputy MILPO; SFC Fredrick Irvine<br><br>             Defendants. | No. CV-12-1079-PHX-DGC<br><br>**ORDER** |

Defendant Arizona Army National Guard ("National Guard") filed a motion to dismiss Plaintiff Fay's "Petition for Injunction or Writ of Mandamus."[1]  Doc. 3; *see* Doc. 1.  The motion has been fully briefed and no party has requested oral argument.  Docs. 4, 5. For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

**I.   Background.**

In May of 2011, the National Guard reviewed Plaintiff's personnel file.  Doc. 1 at 3.  The reviewing officers determined that Plaintiff had been wrongly awarded credit for service between June 1986 and December 1989, and deleted service time points from his

---

[1] Defense counsel notes that Major Fay "did not commence this lawsuit by filing a Complaint" as required by the Federal Rules of Civil Procedure.  Doc. 3 at 2; Fed. R. Civ. P. 3.  Despite the lack of formalities, the Court will construe Major Fay's "Petition" as a Complaint for the purposes of this Order.

file. Doc. 1 at 3. As a result of the deletion, the National Guard does not believe that Plaintiff has completed the twenty years of service required for retirement. Doc. 3 at 3.

Plaintiff disputed the removal of the service time points. Doc. 1 at 3. On May 23, 2012, Plaintiff filed this action seeking to enjoin the deletion and compel the National Guard to deliver his "Notification of Eligibility for Retired Pay at Age 60" letter. Doc. 1 at 1. On July 5, 2012, the National Guard sent a letter to Plaintiff informing him that his "appeal" of the removal of retirement points had been denied. Doc. 3 at 3. The letter also informed Plaintiff that he may have a case for consideration by the Army Board for Correction of Military Records ("ABCMR") and "strongly encouraged" Plaintiff to appeal to that body. Doc. 3 at 3; Doc. 3-1 at 2. Plaintiff has not appealed the decision to the ABCMR. Doc. 3-1 at 4. On August 7, 2012, Defendant filed its motion to dismiss. Defendant argues that Plaintiff's claim is not justiciable because he has failed to exhaust available administrative remedies. Doc. 3 at 1.

**II.  Legal Standard.**

The Ninth Circuit has adopted the *Mindes* test to determine whether review of a military decision is proper. *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971); *see Wallace v. Chappell*, 661 F.2d 729 (9th Cir. 1981), *rev'd on other grounds sub nom. Chappell v. Wallace*, 462 U.S. 296 (1983). Under that test, "[a]n internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies." *Wallace*, 661 F.2d at 732-33.

The Ninth Circuit recognizes four exceptions to the exhaustion requirement: (1) if the intraservice remedies do not provide an opportunity for adequate relief; (2) if the petitioner will suffer irreparable harm if compelled to seek administrative relief; (3) if administrative appeal would be futile; or (4) if substantial constitutional questions are raised. *Muhammad v. Secretary of Army*, 770 F.2d 1494, 1495 (9th Cir. 1985).

A claim that fails to satisfy the second element of the *Mindes* test is subject to a motion to dismiss for failure to exhaust nonjudicial remedies. Such a motion "should be

treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20 (citation omitted).

**III.    Discussion.**

Defendant maintains that Plaintiff's claim does not satisfy the second element of the *Mindes* test because he has not exhausted the administrative remedies available before the ABCMR. Doc. 3 at 1. Plaintiff does not dispute his failure to avail himself of the ABCMR appeal process, but contends that his claim should be exempt from the exhaustion requirement because it satisfies the first and third exceptions to the exhaustion requirement as recited in *Muhammad*, 770 F.2d at 1495. Specifically, he claims an appeal to the ABCMR will not provide an opportunity for adequate relief and that such an appeal would be futile. Doc. 4 at 5.

The ABCMR is governed by 32 C.F.R. § 581.3 pursuant to statutory authority granted in 10 U.S.C. § 1552. The statute provides that the "Secretary of a military department may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice . . . acting through boards of civilians." 10 U.S.C. § 1552(a)(1). Members of the board are charged with the responsibility to "review all applications that are properly before them to determine the existence of error or injustice" and, if persuaded that an error exists, to "direct or recommend changes in military records to correct the error or injustice." 32 C.F.R. § 581.3(b)(4)(i-ii). The regulation states that the ABCMR's jurisdiction applies to "any military record of the [Department of the Army]" which includes, "in certain cases, [soldiers of] the Army National Guard of the United States and other military and civilian individuals affected by an Army military record." 32 C.F.R. § 581.3(d)(1)(i-ii).

Plaintiff concedes that the ABCMR has authority to correct some records, but seizes on the regulation's language that limits ABCMR jurisdiction over National Guard

- 3 -

officers to "certain cases." 32 C.F.R. § 581.3(d)(1)(ii). Plaintiff suggests, without citation, that the cases in which the ABCMR has jurisdiction over the complaint of a National Guard officer are limited to situations in which "the National Guard officer is acting in a federal capacity or on active duty orders and under the command of the federal military." Doc. 4 at 6.

Federal courts have not recognized this limitation, but instead have applied the exhaustion requirement to members of the National Guard. In *Navas v. Vales*, the First Circuit affirmed the dismissal of a claim by a member of the Puerto Rico National Guard because he had not exhausted the ABCMR remedy. 752 F.2d 765, 766, 769 (1st Cir. 1985). Similarly, in *Williams v. Wilson*, the Fourth Circuit required a member of the West Virginia National Guard to exhaust administrative remedies through the ABCMR. 762 F.2d 357, 358, 360 (4th Cir. 1985). In light of these decisions, the Court cannot conclude that an appeal to the ABCMR would not provide adequate relief or would be futile. The language of the regulation cited by Plaintiff is too thin a reed upon which to conclude that the ABCMR's jurisdiction is limited in ways not recognized by federal courts.

Finally, Plaintiff argues that *Wenger v. Monroe* demonstrates that the ABCMR does not have the power to grant him the relief he seeks. 282 F.3d 1068 (9th Cir. 2002). In *Wenger*, the Ninth Circuit excused the plaintiff's failure to exhaust administrative remedies because he sought reinstatement in the National Guard and the ABCMR has no power to force reinstatement. *Id.* at 1073. Plaintiff does not seek reinstatement; he seeks a correction to his service record. Such a correction is within the scope of the ABCMR's powers as noted above. 32 C.F.R. § 581.3(b)(4)(i-ii).

Plaintiff has not exhausted his nonjudicial remedies, nor has he demonstrated that his case should be exempted from the exhaustion requirement. Accordingly, he has failed to satisfy the second element of the *Mindes* test, *Mindes* 453 F.2d at 201, and the Court need not consider the additional factors.

**IT IS ORDERED**

1. Defendant National Guard's motion to dismiss (Doc. 3) is **granted**
2. The clerk is directed to terminate this action

Dated this 28th day of September, 2012.

_____
David G. Campbell
United States District Judge